J-A27016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.M.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.S.S. | : | |
| | : | |
| Appellant | | No. 744 WDA 2017 |

Appeal from the Order April 24, 2017
In the Court of Common Pleas of Clearfield County Civil Division at No(s):
No. 2013-1234 C.D.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 5, 2018**

M.S.S. ("Father") appeals from the final custody order entered April 24, 2017, in the Court of Common Pleas of Clearfield County, which awarded primary physical custody of the parties' minor son, L.S. ("Child"), to L.M.S. ("Mother"), and awarded Father partial physical custody every other weekend.  The order also awarded the parties shared legal custody.  We affirm in part and vacate in part.

The parties are the natural parents of Child, born in March of 2012.  Mother and Father were married but separated in June of 2013.  On December 12, 2013, the parties entered into a custody agreement.  Pursuant to the agreement, Mother and Father shared physical and legal

custody of Child.[1]  The agreement also detailed a custody schedule for the following holidays:  Christmas Eve, Christmas Day, Easter Sunday and Thanksgiving.

The parties operated under the shared custody agreement until December 21, 2015, when Mother filed a Petition to Modify Custody in anticipation of Child starting kindergarten the following school year.  Father filed an answer to Mother's Petition to Modify Custody on April 22, 2016. After several continuances, a hearing was held on Mother's petition on June 15, 2016.  On April 24, 2017, the trial court granted Mother's petition and awarded her primary physical custody of Child.  Father was awarded partial physical custody every other weekend and at other such times as the parties agree.  On May 22, 2017, Father timely filed a notice of appeal and a concise statement of errors complained of on appeal.  In lieu of filing an opinion pursuant to Rule 1925(a), the trial court referred this Court to its opinion accompanying the subject order.

Father now raises the following issue for our review:

Whether it was unreasonable for the trial court to determine that the need for stability and continuity in the child's education, family life and community life favored Mother where there was no evidence that the distance between the parties' residences prevented a shared custody arrangement and there was no

---

[1] Father lives in DuBois, Pennsylvania, and Mother lives in Clearfield, Pennsylvania, which are approximately fifteen to twenty miles apart.  Trial Court Opinion, 4/24/17, at 3.

discussion of the possible effect on the minor child of a proposed transfer of custody?

Father's Brief at 9 (full capitalization omitted).

We address Father's claim mindful of our well settled standard of review.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***V.B. v. J.E.B.***, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

"The primary concern in any custody case is the best interests of the child." ***J.P. v. S.P.***, 991 A.2d 904, 907 (Pa. Super. 2010). "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing." ***Id.*** The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a) as follows:

> **(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

This Court has stated that trial courts are required to consider "**[a]ll** of the factors listed in section 5328(a) . . . when entering a custody order." *J.R.M. v. J.E.A.,* 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). We have further explained:

> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013). . . .
>
> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.,* 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, 68 A.3d 909 (Pa. 2013). A court's explanation of

- 5 -

reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). ***Id.***

***A.V. v. S.T.***, 87 A.3d 818, 823 (Pa. Super. 2014).

Instantly, the trial court issued its decision on April 24, 2017,[2] in which it considered all of the section 5328(a) best interest factors. Trial Court Opinion, 4/24/17, at 2-6. The court found that the majority of the factors weighed equally in favor of both parties, or did not weigh in favor of either party. Trial Court Opinion, 6/26/17, at 2-6. The trial court observed that Child has a younger half-brother who lives with Mother. ***Id.*** at 3. Upon completing its analysis of the Section 5328(a) factors, the trial court concluded that Child's best interests would be served by awarding Mother primary physical custody. ***Id.*** at 9. The court placed particular emphasis on the fact that Child would soon be starting kindergarten and that it would be in his best interest "that he [have] the same routine on a daily basis as he

_____

[2] We observe that the trial court issued its decision 313 days after the conclusion of the custody hearing, which fails to comply with the rules regarding prompt disposition of custody cases. ***See*** Pa.R.C.P. 1915.4(d)

> ("The judge's decision shall be entered and filed within 15 days of the date upon which the trial is concluded unless, within that time, the court extends the date for such decision by order entered of record showing good cause for the extension. In no event shall an extension delay the entry of the court's decision more than 45 days after the conclusion of trial.").

We caution the Clearfield County Court of Common Pleas to comply with the relevant rules for prompt disposition of decisions in custody cases.

moves into another phase of his life." Trial Court Opinion and Order, 4/24/17, at 3.

On appeal, Father argues that the trial court erred and committed an abuse of discretion by awarding Mother primary physical custody of Child because Child will be enrolling in kindergarten. Father's Brief at 28-40. Father avers that the parties have been sharing physical custody of Child since Child was fifteen months old and that Child "was being reared in both homes for the majority of his life and certainly for the only period of his life that he could remember." *Id.* at 37. Accordingly, Father asserts that there was insufficient evidence "to support a modification of the shared custody arrangement." *Id.* at 40. In support of his position, Father relies on *R.S. v. T.T.*, 113 A.3d 1254, 1260 (Pa. Super. 2015), in which this Court rejected the conclusion that a "Child's entrance into full-day schooling requires that one parent must have primary physical custody so that Child may establish a routine." *R.S.*, 113 A.3d at 1260.

In *R.S.*, the mother filed a petition to modify the parties' custody agreement. The mother requested primary physical custody because the child was entering elementary school, and she believed that the child would be better off living with one parent in order to establish a routine. *R.S.*, 113 A.3d at 1259. Thereafter, the father filed a competing petition to modify custody. The trial court held a hearing and entered an order granting the mother primary physical custody during the school year and shared physical

custody over the summer months. Father filed a timely notice of appeal, arguing that the trial court erred in finding that "both parties agree that the current schedule requires the child to be driven in a vehicle back and forth too frequently and that time spent doing this is not in the best interest of the child." *Id.* at 1258 (modifications in original).

On appeal, this Court agreed with the father and rejected the trial court's conclusion that the child's entrance into full-day schooling in that situation required one parent to have primary physical custody. In its opinion, this Court explained as follows:

> Mother's concerns, while well-meaning, do not require modification of the 2011 shared physical custody order. We agree with Father that there appears to be no evidence of record indicating that he agreed that Child was being driven back and forth too frequently, or that Child's time in transit was not in his best interest. To the contrary, the trial court acknowledged in its opinion that Father "submitted a post-trial proposed order requesting a schedule of shared physical custody. The proposed schedule for shared physical custody was the same as the schedule established by the Order in custody dated October 3, 2011." This is consistent with the argument of Father's counsel prior to trial, and with Father's testimony, that Father would accept a shared physical custody arrangement in lieu of primary physical custody if the court would include "some caveats" in the custody order to prevent Mother's alleged attempts at alienating Child from Father.

> Additionally, the record does not support the trial court's conclusion that the distance between the parties' residences militates against a shared custody arrangement. Mother testified that she lives within 2 miles of Child's school, and that Father lives approximately 14 miles away. She testified that she drives Child to school during her periods of custody. According to Mother, it would take Father about 35 or 40 minutes to transport Child from Father's home to school and/or her home. Father disputed this claim, stating that the drive took him only 20

minutes and, sometimes, only 15 minutes. Father testified that, under the 2011 custody schedule, he picks up Child directly from school on Monday and Tuesday, and he is willing to continue doing so. Additionally, Father also expressed a willingness to allow Child to participate in a baseball league near Mother and to attend those games.

* * *

Based on the foregoing, we find that the trial court abused its discretion in determining that a shared custody schedule would limit Child's ability to remain in Mother's school district, participate in activities there, and maintain his established friendships. Accordingly, we reject the court's conclusion that Child's entrance into full-day schooling requires that one parent must have primary physical custody so that Child may establish a routine.

*Id.* at 1259-1260 (internal citations and footnotes omitted).

Notably, in **R.S.**, the parties did not dispute that a shared-custody schedule would be feasible. The parties agreed upon which school district would be appropriate for the child. Furthermore, both parents had no issue transporting the child back and forth to school based on their custody schedule. Accordingly, this Court concluded that the trial court's determination that one parent was required to maintain physical custody of the child during the school year due to child starting school was not supported by the evidence of record. **R.S.**, 113 A.3d at 1261.

Here, however, Father and Mother acknowledge that a shared custody agreement could not continue once Child began kindergarten. On cross-examination by Mother's counsel, Father testified as follows:

[Counsel for Mother]: But you agree that the current situation where he spends half the time with you in DuBois and half the

time here in Clearfield, that can't continue once [Child] starts kindergarten in a year, right?

[Father]: I understand.

N.T., 6/15/16, at 56.

Moreover, the parties do not agree on which school district Child should attend. In conducting the Section 5328 analysis, the trial court concluded, "The parties have not been able to reach an agreement as to which school [Child] will attend in the fall of 2017." Trial Court Opinion, 4/24/17, at 3. This conclusion is supported by evidence of record.

Father testified that he wants Child to attend school in DuBois and live primarily with him in DuBois. N.T., 6/15/16, at 58. Furthermore, Father contends that Mother works in DuBois and should be able to easily transport Child back and forth to school in DuBois during her custodial periods. *Id.* at 58-59. Father contends that DuBois "has a better education system" than Clearfield. *Id.* at 59-60.

Mother testified that she believes it is important for Child to attend one school so that he is taught under one curriculum and is not confused. N.T., 6/15/16, at 134. Mother testified that she is seeking primary physical custody of Child so that she can "insure that the educational and emotional needs are being met through the week." *Id.* at 154. Mother's husband, Kenneth Wisor, also testified that he believed Child should live with him and Mother because "[Child] is starting to go to school in a year -- stability, really, foundation, get him started." *Id.* at 167. In response to Father's

statement that Clearfield School District was inferior to DuBois School District, Mother asserted that that Clearfield provided her an appropriate education and "properly prepared [her] for college." *Id.* at 110.

Thus, the record reflects that in this case both parties are requesting primary physical custody of Child and are not interested in a joint physical custody arrangement; both parties agree that Child's time can no longer be split equally between the parties once Child becomes enrolled in school; and the parties are unable to agree upon the appropriate school district for Child. *R.S.* is clearly distinguishable from this case. Accordingly, based on the evidence of record, we reject Father's contention that *R.S.* is applicable in the instant matter.

Given the fact that the parties have agreed that a continued joint physical custody arrangement is not feasible, we do not discern any abuse of discretion or error of law in the trial court's awarding Mother primary physical custody and shared legal custody of Child. We are cognizant of our standard of review: "Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *V.B.*, 55 A.3d at 1197. Based on the evidence of record, we cannot conclude that the trial court's determination was unreasonable.

Father also argued that the order providing Mother primary physical custody was unreasonable because it did not provide him with additional time with Child during the summer and did not allow him an opportunity to take Child on vacation. Appellant's Brief at 27. We observe that the trial court failed to make a specific ruling regarding a summer vacation schedule in its April 24, 2017 order and opinion awarding Mother primary physical custody of Child. Accordingly, we vacate the subject order insofar as it does not establish a custody schedule for the summer months. We remand this matter to the trial court for imposition of a custody schedule for the summer months, and if necessary, further evidentiary proceedings in order to consider a summer custody schedule that will serve Child's best interests. Thereafter, the court shall enter a new custody order which sets forth both a school year and a summer custody schedule.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2018

- 12 -